IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,893-01






EX PARTE ENOC GARZA OLIVARES, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. CR-1978-04-G IN THE 370TH JUDICIAL DISTRICT COURT
OF HIDALGO COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant pleaded guilty to one count of evading arrest, and one count of theft, and
punishment was assessed at two years' state jail confinement. No direct appeal was taken.

 Applicant contends that he is being improperly denied credit for 92 days he spent in
county jail prior to sentencing in this cause. 

 The trial court has entered findings of fact or conclusions of law finding that jail time
credit is not a proper subject for habeas corpus relief, and also finding that Applicant waived
his right to pre-sentencing jail time credit as part of his plea agreement. However, we do not
believe that those factual findings are supported by the record. Time credit questions are
often the subject of post-conviction habeas corpus review. Furthermore, the record does not
contain anything to show that Applicant affirmatively waived his right to pre-sentencing jail
time credit as a condition of his plea agreement. 

 Because Applicant has stated facts requiring resolution and because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court for resolution
of those issues. The trial court may resolve those issues as set out in Tex. Code Crim. Proc.
art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from counsel
or it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact, first as to whether Applicant was
indigent and remained in jail prior to sentencing because he was unable to make bond. The
trial court shall then make findings as to whether Applicant expressly and affirmatively
waived the right to pre-sentencing jail time credits as a condition of his plea agreement. If
the court finds that Applicant did expressly waive his pre-sentencing jail time credits in
exchange for the maximum state jail punishment, the trial court shall supplement the record
with a copy of the plea agreement showing the waiver. The court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within thirty days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within sixty days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 14TH DAY OF JUNE, 2006.

EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.